LEONARD A. MERRITT, Respondent, *v.* MAURICE FITZGIBBONS et al., Appellants.

In an action to recover damages for injuries alleged to have been caused by defendants' negligence, these facts appeared: Plaintiff, while passing defendants' store in the city of New York, stepped upon an iron cover to a coal hole which was slippery with snow just fallen; he fell and in falling hit the leg of a horse, one of a team attached to a truck belonging to defendants and standing on the sidewalk. The horse raised his foot and in putting it down struck plaintiff's ankle and broke it. The street was narrow and occupied partly by the tracks of a street railroad. There was not room for a truck to stand on the street between the sidewalk and the nearest track. The other horse of the team was standing on the street, leaving just room for cars to pass. The team was in charge of its driver, the horses gentle, and neither stirred at the time except as above stated. Sufficient space was left on the sidewalk for wayfarers to pass. By a city ordinance it was made lawful for an occupant of a store on any street " in which the rails of any railroad company are laid so close to the curbstone " as to prevent him from keeping a cart or other vehicle in the carriage-way in front of his store without interference with the passage of cars, " to occupy with such cart or other vehicle " such portion of the sidewalk as shall be necessary, provided sufficient space be left for the passage of pedestrians. *Held,* that the evidence failed to show any negligence on the part of defendants and that a refusal to non-suit was error; that the permission given by the ordinance applied as well to the horses attached as to " the cart or other vehicle."

(Argued April 13, 1886; decided June 1, 1886.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made May 16, 1884, which affirmed a judgment in favor of plaintiff, entered upon a verdict, and affirmed an order denying a motion for a new trial.

The nature of the action and the material facts are stated in the opinion.

*De Witt C. Brown* for appellants. The court erred in charging: " It is for you to say from the evidence whether the team, at the time of the accident, was using more of the sidewalk than it was entitled to use under the ordinance, and whether under

the ordinance there was sufficient space left for the passage of pedestrians.    Their negligence depends upon that." (*Knupfle* v. *Knick. Ice Co.*, 84 N. Y. 491.)

*P. Q. Eckerson* for respondent.    If the horses occupied more of the sidewalk than was necessary, or more than they were entitled to under the ordinance, the defendants were clearly guilty of negligence, or a wrongful act. (*Cuddeback* v. *Jewett*, 20 Hun, 187; *Woster* v. *Forty-second St. R. R. Co.*, 50 N. Y. 203.)    The defendants violated the ordinance which says " no persons shall suffer or permit to go, or lead or drive any horse upon any sidewalk in the city of New York," etc.    A violation of a city ordinance is some evidence of negligence to be submitted to the jury. (*McGrath* v. *N. Y. C. & H. R. R. R. Co.*, 63 N. Y. 522, 531; *Beisiegel* v. *N. Y. C. & H. R. R. R. Co.*, 14 Abb. [N. S.] 29.)    The ordinance, which defendants claim permitted them to occupy the sidewalk, makes no mention of horses, and does not permit horses to be driven upon the sidewalk. (*Clifford* v. *Dam*, 81 N. Y. 52; *Keefe* v. *City of Chicago*, 1 West. Rep'r, 353; *Ring* v. *City of Cohoes*, 77 N. Y. 83; 29 Hun, 634; *Ehrgott* v. *Mayor*, etc., 96 N. Y. 283; *Creed* v. *Hartman*, 29 id. 591.)

DANFORTH, J.    The action was for damages sustained by the plaintiff while attempting to pass along a sidewalk in front of certain stores occupied by the defendants, and known as Nos. 65 and 67, on the east side of Crosby street, in the city of New York.    The material facts are as follows:    On the last day of December, 1879, the plaintiff and his brother were at work on the west side of Crosby street, but it commenced snowing, and they left at half-past one o'clock.    They crossed to the east side below the defendant's stores, and going up they there found a team of horses and truck, and at that point, while passing, the plaintiff stepped upon the iron cover of a coal hole, slippery with snow, and fell under the horse nearest to him, touching its leg.    The horse raised its foot at that instant, and then put it down, striking the plaintiff's ankle and

breaking it. The sidewalk was seven feet and nine inches wide, the street a narrow one, and in part occupied by a double-track horse railroad; between the curbstone and track is five feet three inches, one foot of which is covered by the projecting car; the truck was seven feet eight and one-half inches wide. It and the horses belonged to the defendants, and on this occasion they were partly in the street and partly on the sidewalk, but in their customary place, and, from necessity, one horse being on the sidewalk, the other in the street, leaving just room for the cars to pass. The team was then in care of its driver; the horses were gentle, and at the time in question, except as above stated, neither stirred. Sufficient space was left on the sidewalk for wayfarers. This was testified to by the plaintiff and by the defendants' witnesses; it was also practically demonstrated by the safe passage of many persons and there is no room for doubt that the plaintiff would have gone through uninjured except for the coal hole and its condition.

The plaintiff also put in evidence a city ordinance prohibiting, under a penalty, the going of any horse upon any of its sidewalks. The defendants, upon the other hand, both by answer and by evidence, relied upon an ordinance of the city which made it lawful for the owner or occupant of any store, or other building, on any street "in which the rails of any railroad company are laid so close to the curbstone as to prevent the owner or occupant from keeping any such cart or other vehicle in the carriage-way in front of his place of business without interference with the passing of the cars of any such railroad company, to occupy with such cart or other vehicle during business hours so much of the sidewalk as may be necessary for such cart or other vehicle, provided that sufficient space be retained for the passage of pedestrians between the cart or other vehicle, so permitted to occupy such portion of the sidewalk and the stoop or front of every such store, warehouse or other building," and by evidence which was not controverted showed that the street in question was situated as described in the ordinance.

On the trial the contention in behalf of the defendants was that there was no fault or negligence on their part, and even if there were, that there was contributory negligence on the plaintiff's part in stepping upon the cover of the coal hole, and in going unnecessarily near the horses, and they moved the trial judge to dismiss the complaint. The motion was denied, and the defendants excepted. The learned judge then submitted the case to the jury upon both of these propositions, at the same time saying that the plaintiff had no right of recovery against the defendants by reason of the coal hole, or any incident to it; that they were responsible neither for it nor its condition. No exception was taken to the charge by either party, and the only question for us to consider is whether the evidence was such as in any view would justify a verdict for the plaintiff.

It appears that he was rightfully upon the sidewalk, and the jury might find as they did, that he was proceeding on his way with reasonable care and in a proper manner, without notice of any circumstance of danger which required extraordinary caution. But assuming this to be so, we are unable to find that the defendants neglected any duty or were guilty of misconduct toward him. It may be conceded that the plaintiff would not have been injured if the defendant's horse had not been upon the sidewalk, and in ordinary cases its presence at that place would have been an obstruction and its owner answerable for the consequences, but both conditions of the ordinance last cited were satisfied by the circumstances of the case. The truck and horse were necessarily on the walk and sufficient space was retained for the passage of pedestrians between the cart and store. The evidence left no room for doubt as to either, and as the validity of the ordinance was unquestioned by the plaintiff at the trial, it furnished a complete answer to his action, unless as is now argued in his behalf, its permission is limited to "a cart or other vehicle," and does not include the animal by which the vehicle is drawn. The contrary was assumed by both parties and the court upon the trial, and it was we think the reasonable construction. The ordinance in one part speaks of "driving" or "backing the cart or vehicle,"

"on the crosswalks," "or on to the sidewalks," implying of course a cart or vehicle drawn or moved in the ordinary way, and the same construction must apply to the other part — that now in question. It cannot be supposed that the owner of the cart would be expected to detach his horses, leaving them in the street between the cart and the street car, while the cart itself was put in a place of safety. The ordinance is in substance a declaration that as the railroad encroaches upon the street, so certain vehicles in use therein, and the animals by which that use is made possible, may in prescribed cases encroach upon the sidewalk.

We think the exception was well taken, and for the error to which it points, the judgment appealed from should be reversed and a new trial granted, with costs to abide the event.

All concur.

Judgment reversed.